IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| RICE ENTERPRISES, LLC, | ) |
| | ) |
| Plaintiff, | ) 2:23-CV-00846-MJH |
| | ) |
| vs. | ) |
| | ) |
| RSUI INDEMNITY COMPANY, ZENITH INSURANCE COMPANY, | ) |
| | ) |
| Defendants, | |

OPINION

Plaintiff, Rice Enterprises, LLC, filed the within action against Defendants, RSUI Indemnity Company and Zenith Insurance Company, concerning insurance coverage for defense and indemnification based upon a pending Allegheny County Court of Common Pleas lawsuit (L.H. lawsuit). (ECF No. 20).

Specifically, Rice's Amended Complaint averred claims for Declaratory Judgment (Counts I and II), Breach of Contract (Counts III, IV, and V), and Statutory Bad Faith under 42 Pa.C.S. § 8371 (Counts VI and VII) due to 1) RSUI's denial of indemnification under Rice's Directors and Officers Liability policy (D&O policy); 2) RSUI's denial of defense and indemnification under Rice's Commercial Umbrella Liability policy (Umbrella policy); and 3) Zenith's denial of defense and indemnification under Rice's Employers' Liability policy (Zenith policy). *Id*. Zenith moved for dismissal, and RSUI moved for partial dismissal. This Court subsequently issued an Opinion and Order (ECF Nos. 40 and 41) on said motions.

On December 6, 2023, the Court granted Zenith's Motion to Dismiss, and dismissing all claims against Zenith, with prejudice. The Court also granted RSUI's Partial Motion to Dismiss, dismissing Rice's claims, as regards the RSUI Umbrella Policy within Counts II

(Declaratory Judgment), V (Breach of Contract), and VII (Bad Faith).  Rice asserts that it has subsequently settled the claims in the L.H. lawsuit.

Rice now moves for this Court, pursuant to Fed. R. Civ. P. 54(b), to enter final judgment on its December 6, 2023 Order so that Rice may pursue appellate review of this Court's December 6, 2023 Order concerning any indemnity obligations of Zenith and RSUI (under the Umbrella Policy). (ECF No. 54).  The matter is now ripe for disposition.

Upon consideration of Rice's Motion for Entry of Judgment (ECF No. 54), the respective briefs (ECF Nos. 55, 57, 58, and 61), and for the following reasons, Rice's Motion will be granted.

    I.    Relevant Standard

Federal Rule of Civil Procedure 54(b) governs the entry of judgment on multiple claims or involving multiple parties and provides as follows:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The rule was designed in an attempt to "strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Berckeley Inv. Group Ltd. v. Colkitt*, 455 F.3d 195, 202 (3rd Cir. 2006)(citations omitted). In striking that balance, district courts are to consider judicial administrative interests, as well as the equities involved in the case, in order to determine whether discrete final decisions in multiple-claim actions are ready for appeal. *Id*. (citing

*Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980)). A decision to certify a final decision under Rule 54(b) involves two separate findings: (1) there has been a final judgment on the merits, i.e. an ultimate disposition on a cognizable claim for relief; and (2) there is no just reason for delay. *Id*.

In order to be a final judgment, the decision in question must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *English v. City of Wilkes-Barre*, 2022 U.S. Dist. LEXIS 138254, *4 (M.D.Pa. 2022)(quoting *Curtiss-Wright Corp., supra*.). Finality of judgment is defined by the requirements of 28 U.S.C. § 1291, which are generally described as "ending the litigation on the merits and leaving nothing for the court to do but execute the judgment." *Republic Franklin Ins. Co. v. Ebensburg Ins. Agency*, 581 F.Supp.3d 680, 684-85 (M.D.Pa. 2022) (internal citation omitted). Rule 54(b) does not alter this definition but allows a judgment to be entered if it has the requisite degree of finality as to an individual claim in a multiclaim action." *Id*. (internal citation omitted).

In assessing whether there is "no just reason for delay," courts in the Third Circuit consider several factors:

(1) the relationship between the adjudicated and unadjudicated claims;

(2) the possibility that the need for review might or might not be mooted by future developments in the district court;

(3) the possibility that the reviewing court might be obliged to consider the same issue a second time;

(4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final;

> (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Berckeley, supra* at 203. (citation omitted).

II.  Discussion

The parties do not dispute that the Court's December 6, 2023 Memorandum Opinion and Order satisfies Rule 54(b)'s final judgment requirement with respect to Rice's claims against Zenith and RSUI's Umbrella Policy. As regard the second finding under Rule 54(b), Rice contends that there is "no just reason for delay" under the five factors cited in *Berckeley*.

A.  Adjudicated and Unadjudicated Claims

Rice maintains that the adjudicated claims, i.e., the Zenith Policy and the RSUI Umbrella Policy, and the unadjudicated claim, i.e. the RSUI D&O Policy, are separate and unique and they do not conflict with one another. Rice contends that the adjudicated and unadjudicated claims are based upon separate and distinct insurance policies, and the rulings of this Court were decided upon separate and distinct grounds, including the applicability of certain exclusions, which do not overlap.

Zenith argues that the relationship between the adjudicated claims under the Zenith Policy and the unadjudicated claims under the RSUI D&O Policy weigh against certification for appeal. Specifically, Zenith maintains that both the Zenith Policy and the RSUI D&O Policy involve the issues of whether (under the Zenith Policy) and to what extent (under the RSUI D&O Policy) the underlying action arose out of harassment and/or negligent hiring, among other types of conduct. Zenith also contends that there exist common legal questions by Rice's allegations that Zenith and RSUI did not act in good faith in applying the language of their respective policies and in making their coverage decisions.

RSUI argues that Rice's Complaint makes no distinction between the RSUI D&O Policy and RSUI Umbrella Policy in Count II (Declaratory Judgment), Count VII (Statutory Bad Faith), and Count IX (Unfair Claim Settlement and Compromised Practices). Therefore, RSUI maintains that, if an appeal were to be taken and the appellate court adjudicated Plaintiff's claims against RSUI as set forth in Counts II, VII and IX, the appellate court would have to revisit those same Counts, not easily separable, in any subsequent appeal involving only the RSUI D&O policy.

In response, Rice argues that the Zenith Policy and the remaining RSUI D&O Policy are separate and distinct insurance contracts which provide separate and distinct coverages. Further, Rice maintains that the Zenith Policy and the RSUI D&O Policy assert separate and distinct policy exclusion language as the basis for their respective defense. Therefore, Rice claims the Zenith Policy and the RSUI D&O Policy are entirely separate and unique, and there is no chance of duplicative review of the same issue by an appellate court.

Generally, Rule 54(b) certification is disfavored where the adjudicated and unadjudicated claims share the same legal issues or evidence. *See, e.g., Gerardi v. Pelullo,* 16 F.3d 1363, 1372 (3d Cir.1994) (reversing Rule 54(b) certification because "the facts underlying the [certified] claim ... may be intertwined with the remaining issues"); *Ortho–McNeil,* 2007 WL 1814080, at *3 (denying Rule 54(b) certification where the parties, legal issues, and factual issues in claims were similar).

Here, the Court finds that the adjudicated claims, regarding the Zenith Policy and the RSUI Umbrella Policy, and the unadjudicated claim, regarding the RSUI D&O Policy, are distinct from one another. As regards the unadjudicated D&O Policy and the adjudicated Zenith Policy, each involve separate contract language that run independent of one another as to

5

coverage obligations. Thus, an immediate appellate review of this Court's decision as to the Zenith Policy would not result in inconsistent outcomes. And as regards the adjudicated RSUI Umbrella Policy, said policy affords indemnity coverage only upon the exhaustion of the Zenith Policy limit. If the appellate court decides the Zenith Policy is triggered, such that Zenith is obligated to pay, then the RSUI Umbrella Policy would likewise be triggered such that the RSUI Umbrella Policy would be required to pay to extent the Zenith Policy and/or RSUI D&O Policy are exhausted. The outcome of the continuing litigation, vis-à-vis the RSUI D&O Policy, has no bearing on the analysis. Accordingly, the first factor weighs in favor of entering final judgment and permitting immediate appellate review.

B. Mootness Possibility[1]

Rice next contends that "there is no possibility that the need for appellate review might be mooted by future developments in this Court." Rice maintains that, because of its total financial settlement obligation in the underlying litigation, even a successful Plaintiff outcome in the RSUI D&O Policy litigation will not satisfy the extent of said obligation. In such case, Rice argues that it would still need to seek appellate review of this Court's December 6, 2023 dismissal of Zenith and RSUI vis-à-vis the Umbrella Policy in order to secure coverage to meet Rice's settlement obligations.

"The Third Circuit in particular counsels against Rule 54 certification where 'the entire recovery the plaintiff originally sought still [can be] awarded under the remaining count[s].'" *Advanced Orthopedics A Sports Med. Inst. v. Int'l Union of Operating Engineers*, No. 19-5076, 2020 WL 4345301, at *4 (D.N.J. July 29, 2020). However, if a plaintiff cannot fully recover under the remaining claims, the absence of this mootness factor cuts in favor of certification. *Hu*

---

[1] RSUI and Zenith do not directly address the remaining factors in their responses.

*v. BMW of N. Am. LLC*, No. 18-4363, 2021 WL 1138123, at *6 (D.N.J. Mar. 24, 2021) (finding the practical possibility of mootness "speculative" and "unlikely"; and therefore, weighing in favor of certification).

Here, because the outcome of Rice's claim against the RSUI D&O Policy will not impact necessity for Rice to seek additional coverage from the Zenith Policy and RSUI Umbrella Policy through appellate review, those claims would not be mooted by this Court's disposition of Rice's claim against the RSUI D&O Policy. Therefore, this factor weighs in favor of entering final judgment.

C.  Reviewing Court's Consideration of Same Issues

Rice next contends that "there is no possibility that the reviewing court might be obliged to consider the same issues a second time." Specifically, Rice argues that, regardless of immediate appellate review of the ruling on the Zenith Policy and the RSUI Umbrella policies, the outcome of the remaining unadjudicated claims against the RSUI D&O Policy will continue to proceed before this Court; and there is no possibility that any development related to that claim will oblige the Third Circuit Court of Appeals to review this Court's December 6, 2023 ruling on the Motions to Dismiss for a second time.

Here, like the mootness analysis, Rice's arguments are well-taken. If resolution of Rice's claim against RSUI's D&O Policy results in judgment in favor of Rice for indemnification related to Rice for the LH Litigation settlement, such result will not impact the Zenith Policy coverage decision. The Third Circuit's review of this Court's decision regarding the Zenith Policy will only require a single review. The same can be said of the RSUI Umbrella Policy. Accordingly, the third factor weighs in favor of entering final judgment and permitting immediate appellate review.

D.  Claims or counterclaims which could result in a set-off

Rice asserts there are no counterclaims or claims for set-off filed in this action.  Rice maintains that the size of its settlement obligation in the L.H. litigation exceeds the combined policy limits of both the D&O Policy and the Zenith Policy. Thus, Rice argues that there is no possibility that the final litigation result for Rice's claims against the D&O Policy will act as a set-off against either Zenith's Policy liability or RSUI's Umbrella Policy obligations.  The Court agrees with these contentions and conclusions that there are no counterclaims and set-offs with respect to the adjudicated and unadjudicated claims. Accordingly, the fourth factor weighs in favor of entering final judgment and permitting immediate appellate review.

E.  Miscellaneous factors

Finally, Rice maintains that, because its obligations in the L.H. Litigation have been liquidated to a sum certain, the time is ripe to globally resolve this coverage litigation. Rice argues that waiting for appellate review until all claims as to all parties in this action are fully and finally adjudicated, hinders, rather than promotes, productive settlement negotiations relative to this coverage action.  With an immediate review, Rice maintains that the parties would have clarity and efficiency knowing the Third Circuit's decision with respect to the obligations of the parties under the Zenith Policy and the Umbrella Policy at the earliest time and before further significant time and expense occurs litigating coverage under the RSI D&O Policy.

The Court agrees that immediate review will enhance the possibility of productive settlement negotiations and may potentially obviate the need for a costly and time-consuming trial.  Further, by granting this motion, pre-trial and trial proceedings on the RSUI D&O Policy and the appellate review of the Zenith Policy and RSUI Umbrella Policy can proceed on parallel

tracks. Accordingly, the fifth factor weighs in favor of entering final judgment and permitting immediate appellate review.

    III.    Conclusion

Based upon the foregoing analysis, the Court finds 1) there has been a final judgment on the merits by virtue of this Court's December 6, 2023 dismissal, with prejudice, of Rice's claims against Zenith and the RSUI Umbrella Policy; and (2) there is no just reason for delay. Accordingly, Rice's Motion for Entry of Judgment will be granted. An appropriate order will follow.

DATED this 3rd day of May, 2024.

                          BY THE COURT:

                          MARILYN J. HORAN
                          United States District Judge